UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1743

DAVID DER SARKISSIAN,

             Plaintiff - Appellant,

      v.

WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS, d/b/a West
Virginia University School of Medicine; SHELLEY NUSS,
Program Director, Internal Medicine,

             Defendants - Appellees.

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.   Frederick P.
Stamp, Jr., Senior District Judge.   (1:05-cv-00144-FPS-JSK)

Argued:  May 13, 2009                    Decided:  May 28, 2009

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Matthew Henry Simmons, SIMMONS & ASSOCIATES, CHARTERED,
Bethesda, Maryland, for Appellant.   James Robert Russell,
SHUMAN, MCCUSKEY & SLICER, PLLC, Morgantown, West Virginia, for
Appellees.   **ON BRIEF:** Seann P. Malloy, SIMMONS & ASSOCIATES,
CHARTERED, Bethesda, Maryland; Travis Fitzwater, LAW OFFICE OF
TRAVIS FITZWATER, Morgantown, West Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dr. David Der Sarkissian appeals from a judgment entered following a bench trial on claims arising out of his termination from a medical residence program at West Virginia University School of Medicine (WVU). Because Dr. Der Sarkissian has failed to demonstrate that the district court erred in finding that neither WVU nor Dr. Michelle Nuss, the Internal Medicine Residency Director at WVU, violated his constitutional or statutory rights, we affirm.

I.

Dr. Der Sarkissian began his residency in internal medicine at WVU in the summer of 2004. By the middle of October, three women had reported to Dr. Nuss that Dr. Der Sarkissian acted inappropriately toward them.

In written statements, Dr. Angela MacKay, the chief resident for the WVU residency program, Dr. Susanne Choby, a senior resident, and Melany Atkins, a medical student at WVU at the time, reported that, among other things, Dr. Der Sarkissian paged them regarding non-work-related matters and gave them personal notes. Melany Atkins also reported that Dr. Der Sarkissian made inappropriate comments about her dress, hair, make-up, and smile and wrote her a personal letter that he hoped to discuss after she told him she had no interest in any such

2

discussions. Another resident reported to Dr. Nuss that Dr. Der Sarkissian stared at Melany Atkins and intentionally brushed and rubbed up against her during rounds, creating an uncomfortable situation for other students.

In response to these reports and after consulting with two of her supervisors, on October 19, 2004, Dr. Nuss met with Dr. Der Sarkissian. She informed him that she had credible evidence that he had sexually harassed several women in the residency program and administratively suspended him. Dr. Nuss then presented the reports of the three women to the Social Justice Office ("SJO") at WVU, which handles sexual harassment complaints.

Two days later, on October 21, Dr. Nuss and Dr. Ann Chester from the SJO met with Dr. Der Sarkissian and provided him copies of the reports of the three women. Although Dr. Der Sarkissian testified otherwise, the district court found that Drs. Nuss and Chester informed him of his right to respond to the allegations in writing, but that Dr. Der Sarkissian chose to respond orally at the meeting. In the course of doing so, Dr. Der Sarkissian admitted to engaging in much of the behavior described in the reports.

After the conclusion of that meeting, Dr. Nuss ended Dr. Der Sarkissian's administrative suspension, but Dr. Chester issued a report finding Dr. Der Sarkissian in violation of WVU's

3

sexual harassment policy.  Shortly thereafter, Dr. Nuss informed Dr. Der Sarkissian that he would be on probation for four months because of his unprofessional behavior.  During that four-month period he was to receive counseling and not repeat the behavior that led to the probation.

In early February, 2005, as the result of a finding by the clinical competence committee that Dr. Der Sarkissian had poorly performed in his clinical rotations, Dr. Nuss placed Dr. Der Sarkissian on probation for the remainder of the academic year. (This performance probation was unrelated to the previous four-month probation.)  When Dr. Der Sarkissian asked Dr. Nuss for an opportunity to improve his performance because he had just begun treatment for his recently diagnosed attention deficit hyperactivity disorder (ADHD) and anxiety disorder, Dr. Nuss responded that WVU would renew his contract at the end of the year if he met certain performance criteria.

On February 14, while Dr. Der Sarkissian was still on the original four-month probation, Dr. Nuss learned that Dr. Der Sarkissian had delivered a diamond necklace to Melany Atkins through a third party.  Two days later Drs. Nuss and Chester met with Dr. Der Sarkissian; at that time he admitted to delivering the necklace.  Dr. Chester informed Dr. Der Sarkissian that he had violated the terms of his four-month probation.  The next

4

day Dr. Nuss informed Dr. Der Sarkissian in writing that WVU had terminated his appointment due to that violation.

After pursuing a grievance with WVU, Dr. Der Sarkissian filed this action in federal court against WVU and Dr. Nuss. In a thorough written opinion, the district court granted judgment on partial findings, pursuant to Fed. R. Civ. P. 52(c), to WVU and Dr. Nuss with respect to certain claims. After a five-day bench trial, the court, in another thorough written opinion, granted judgment to the university and Dr. Nuss on all remaining claims.

## II.

On appeal, Dr. Der Sarkissian contests the adverse judgment only with respect to his claims that (1) Dr. Nuss denied him his constitutional due process rights when she terminated him from the residency program without adequate procedure, (2) WVU and Dr. Nuss discriminated against him because of his ADHD diagnosis in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12132 (2006), and (3) WVU and Dr. Nuss retaliated against him because of his request for an accommodation in violation of the ADA, id. § 12203.

We have carefully considered the record, briefs, applicable law, and oral arguments of the parties and are persuaded that the district court did not err in granting judgment to WVU and

5

Dr. Nuss. Record evidence adequately supports the district court's finding that Dr. Nuss provided Dr. Der Sarkissian, prior to termination, all of the process required under the Constitution. Moreover, Dr. Der Sarkissian has failed to demonstrate that the district court erred in finding that: (1) he has no disability protected by the ADA and that (2) neither WVU nor Dr. Nuss retaliated against him for requesting an accommodation for any asserted disability.

Accordingly, we affirm on the reasoning of the district court. See Der Sarkissian v. W. Va. Univ. Bd. of Governors, No. 1:05-cv-00144-FPS-JSK, 2008 WL 901722 (N.D. W. Va. Mar. 31, 2008) (decision on the motion of WVU and Dr. Nuss for judgment on partial findings); Der Sarkissian v. W. Va. Univ. Bd. of Governors, No. 1:05-cv-00144-FPS-JSK, slip op. (N.D. W. Va. Mar. 31, 2008) (findings of fact and conclusions of law following the bench trial).


III.

For these reasons, the judgment of the district court is

AFFIRMED.

6